IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ERIC PLAYER,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br><br>Case No. 2:05-CV-662 TS |

Defendant moves to dismiss because Plaintiff failed to serve required Rule 26(a)(1) Initial Disclosures and to comply with the Court's Order regarding a proposed scheduling order.[1] On June 28, 2006, the Court issued an Order to Show Cause why this case should not be dismissed for failure to prosecute.[2]

Plaintiff responded with the admission that he failed to serve Initial Disclosures and

---

[1] Docket No. 7, Order for Case Scheduling.

[2] Docket No. 10.

1

to comply with the Court's Order because of events in his personal life.  He requests that the case not be dismissed because he is now in compliance.

The Court has considered the *Ehrnhouse*[3] factors in determining whether dismissal is an appropriate sanction and finds as follows.  The degree of actual prejudice to Defendant consists of a delay of approximately five months in receiving disclosures and two months in arranging the initial scheduling matters.  The degree of interference with the judicial process is minor at this early stage of the litigation.  The litigant is culpable. Even if personal circumstances rendered him unable to meet the deadlines, he should have notified opposing counsel and sought an extension of time from the Court.  Plaintiff has not been previously warned that dismissal is a likely sanction.  Finally, the Court finds that a lesser sanction would be effective and, therefore, dismissal is not appropriate.[4]  The lesser sanction that the Court imposes is that this case may be dismissed without further notice if Plaintiff again misses a court-imposed deadline, without having moved for extension of the deadline prior to its expiration.  It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 8) is DENIED.  It is further

---

[3] *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992).

[4] *LaFleur v. Teen Help,* 342 F.3d 1145, 1151 (10th Cir. 2003).

ORDERED that Plaintiff is warned that this case may be dismissed without further notice if Plaintiff again misses a court-imposed deadline, without having moved for extension of the deadline prior to its expiration.

DATED  July 23, 2006.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge